·ISAAC SPENCER, RESPONDENT, *v.* CYNTHIA M. HUMISTON, APPELLANT.*

*Married woman — promissory note — liable upon, to the extent to which its considera-
tion was beneficial to her separate estate — charge to jury.*

In this action brought upon a promissory note given by the defendant, a married
woman, it appeared that the same was given to secure a debt due from her
husband, and also in consideration of certain personal property then transferred
to her by the creditor. *Held,* that the plaintiff was entitled to recover the value
of the articles of personal property acquired by the defendant.

The refusal of a request to charge what has already been charged is not error
although the court neglect to give that as the reason for its refusal.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought upon a promissory note given to the plaintiff by the defendant, a married woman. In March, 1871, the defendant's husband purchased seven cows of the plaintiff and gave a chattel mortgage thereon as security for the purchase-price. The mortgagee took possession of the cows and disposed of all but three prior to November 22, 1872. On that day the plaintiff came to defendant's house and an arrangement was made, as it was claimed by the plaintiff, by which the defendant gave her promissory note for the purchase-price of all the cows, and the three cows then left on the place were transferred to her and became her property.

Upon the trial the plaintiff was allowed to recover the value of the three cows so transferred to the defendant.

*M. M. Waters,* for the appellant.

*Bouton & Champlin,* for the respondent.

* Decided September term, 1876.

LEARNED, P. J.:

The learned justice charged the jury that the note being given for the debt of the husband, was not a valid obligation.

But he stated that there was another question : that although the note was given as a promise to pay the debt which the husband had become liable for, yet if it was a part of the consideration that the defendant should take title to the cows which remained, the note was valid, so far as that part was concerned which related to the value of the cows.

That for the plaintiff to recover it was necessary that the jury should find that the note was given for these cows then on the premises.

That if she obtained title to these cows, and they went to the benefit of her separate estate, so far she was liable.

That if there were three cows and their value was thirty dollars, and the defendant acquired title by this transaction, she became responsible in the sum of ninety dollars, which, with interest, would be $107.85.

That if there was no such agreement by which the defendant acquired title, there could be no recovery.

The jury found a verdict for $107.85. The note was for $270.

After the court had thus charged the jury, and had distinctly stated the only ground on which the plaintiff could recover, twenty-one requests to charge were presented on the part of the defendant. Among them was the following: If the note was given to pay the husband's debt for the cows, and not in purchase of the cows for the wife, the plaintiff cannot recover upon it. The court declined so to charge.

It does not seem to me that this was error. The court had already charged clearly that the note, being given for the debt of the husband, was not a valid obligation. And it was plain that the note was greater in amount than the value of the remaining cows, and was not, therefore, given solely in purchase of them. But the plaintiff, holding the mortgage, had practically the title to the remaining cows. And if, as part of the transaction, the defendant was to take title to these cows, she ought to pay for them. And when we read the clear statement made by the court in its charge that the only recovery which could be had was for the value

of the three cows, and that, too, only in case it was a part of the transaction that the defendant should thereby acquire title to them; and when we see that the verdict was not for the note, but only for the value of the three cows, it is impossible to think that the jury misapprehended the refusal to charge.

After a court has charged the jury, the object of requests to charge ought to be to bring the attention of the court to some point on which the party relies and which has been overlooked. There should be no attempt by numerous and slightly varying requests to lead the court into some error. It often occurs that the court, in its charge, has already stated, in its own words and in the proper connection, all the propositions which should rightfully be stated in the case. In such instances, where requests to charge are subsequently made which embody substantially the same principles, only expressed in the words of the counsel, a refusal to charge is not to be considered error. Nor does such refusal become error if the court neglects to give as a reason therefor that the same proposition has been already stated.

In this present case there were twenty-one requests to charge. Yet the real question was only whether the court was right in authorizing a recovery for the value of the cows, in case the jury found that, as a part of the transaction, the defendant was to obtain the title to them.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Judgment affirmed, with costs.